DICKINSON VS. RITCHIE and another.

*(1) Reversal of Judgment: Court and jury. (2) Claim of attorneys' lien on notes: how defeated.*

1. Where the evidence is contradictory, and there appears to have been a full and fair trial, and the result depended upon the credibility of the evidence on each side, the verdict will not be disturbed here, unless material errors are shown.

2. In an action to recover promissory notes or their value, where plaintiff claimed as assignee of the former owner of the notes, and defendants claimed an attorney's lien upon them, evidence is admissible for the plaintiff to show that when defendants came into possession of the notes they had previous notice of and acquiesced in the assignment; and also to show that defendants were not employed jointly, but only one of them was employed, to perform the legal services for which they claim a joint lien.

APPEAL from the Circuit Court for *Racine* County.

Replevin, for four promissory notes for $300 each, made by one Bishop, dated August 20, 1877, and payable to one Wm. Sumner or order, in two, three, four and five years respectively. These notes, unindorsed by the payee, were left by him with the defendants, who were his attorneys, and who have ever since continued to hold them; and the complaint avers that the defendants obtained the custody of said notes on or about the day of their date, while the answer avers that they have been in defendants' possession since that date. Plaintiff claimed the notes by virtue of a written assignment by the payee, dated October 1, 1878, in which it was provided that said notes, as collected by plaintiff, were to be applied towards payment for a house and lot purchased by Sumner of the plaintiff. Defendants claimed a lien upon the notes for legal services rendered by them to Sumner, to the amount of $200; and they alleged in their answer that plaintiff had notice of their lien at the time of the assignment to him; that such assignment was made with intent to defraud them; and that they had no notice thereof until they had delivered to Sumner

Dickinson vs. Ritchie and another.

other valuable papers upon which they had a similar lien, and after they had asserted and reserved their lien upon said notes.

The testimony was voluminous, and no attempt will be made to state the exceptions to the rulings of the court thereon more fully than they are stated in the opinion.

Among the instructions asked for the defendants, and refused, were the following: 1. "The plaintiff having failed to prove the payment of any consideration for the transfer to him of the notes in question, such a transfer, if made at all, is a gift; and if the same was made with intent to hinder, delay or defraud the defendants (if they were then creditors of Wm. Sumner) of their lawful action, debts or demands, then said gift is void as to said defendants, if they knew of such intent on the part of Sumner." 2. "All transfers of property in which the object of the debtor is to hinder and delay or defraud or in any way put off his creditors, are void if made to one having knowledge of such intent; and such knowledge need not be actual positive information or notice, but will be inferred from the purchaser's knowledge of facts and circumstances sufficient to raise such suspicions as should put him on inquiry."

Plaintiff had a verdict and judgment; and defendants appealed.

There was a brief by *S. & A. S. Ritchie*, the appellants, in person, with *J. B. Winslow* of counsel, and oral argument by *A. S. Ritchie*.

For the respondent there was a brief by *Wm. Crosten*, his attorney, with *Henry T. Fuller* of counsel, and oral argument by *Mr. Crosten*.

ORTON, J. Numerous exceptions were taken on the trial to the admission of evidence; and as most of them appear to have been immaterial to the merits of the case, they will be but briefly noticed. The question relating to the negotiation which resulted in the assignment of the notes in controversy, was

proper for the purpose of showing notice to the appellants of the contemplated assignment and its objects.   That in relation to what was said, if anything, by one of the appellants, and inquiring whether he made any claim to the notes when they were mentioned in his presence, was proper for the purpose of showing his acquiescence in the assignment.   The question relating to the purpose for which the notes were taken, as indicated in making them payable ten days after certain other notes given by Sumner to the respondent on the purchase of a house and lot, was proper in connection with such attempt to prove that the appellants knew of such purpose; and that relating to what took place when the notes were taken, was clearly proper for the reasons above given.   The reason stated in the brief of the appellants, "that the testimony could only prove that appellants were informed of the intention of Sumner to use the proceeds of these notes to pay for his homestead," was a good one for the admission of the above testimony, and much other evidence objected to by the appellants.

The several questions, whether the livery bills charged by Sumner, and the attorney fees chargeable to Sumner, were, in respect to the appellants, joint or several liabilities, were material questions in the case, to be passed upon by the jury according to the evidence, and therefore such evidence was strictly proper.

The general charge of the court to the jury appears to have been substantially correct, and could not have misled the jury in respect to anything material, and it embraced substantially all of the special instructions asked for by the appellants, except two, one of which, commencing with the words, " the plaintiff having failed to prove the payment of any consideration for the transfer of the notes," etc., was improper for assuming matters of evidence; and the other, relating to fraud, had no evidence whatever to support it, and was properly refused.

The case was very complicated, and the evidence was very

contradictory, but there appears to have been a full and fair trial, and the result depended mainly upon the credibility of the evidence. In such a case, the verdict will not be disturbed unless material errors have been committed, and such we have been unable to find.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.